PER CURIAM.
Appellee sued appellant for personal injuries. The parties engaged in settlement discussions and on October 27, 1993, appellee tendered an offer of settlement via fax and mail, which was expressly made pursuant to section 768.79, Florida Statutes. The offer stated that appellee would settle the case with appellant in the “total” amount of $12,-500, inclusive of all taxable costs against defendant accrued to date.
Appellant issued a notice of acceptance of appellee’s offer on November 19, 1993, pursuant to the above statute, which provided that appellant “hereby gives notice of accepting Plaintiffs offer of settlement in the total amount of Twelve Thousand Five Hundred and No/100 ($12,500.00) Dollars, inclusive of all taxable costs, attorney’s fees and interest.”
After receipt of the settlement funds, ap-pellee moved to tax additional costs incurred from the date of the service of the offer of settlement. The trial court entered final judgment for the amount of the offer plus costs incurred during the “offer window,” i.e., those incurred after the offer was tendered but prior to its acceptance. Such award for costs was erroneous.
Section 768.79, Florida Statutes (1991), reads in pertinent part:
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
(Emphasis added).
The offer and acceptance in this case were both certain in reciting the total amount. Accordingly, there was no ambiguity, uncer *505 tainty or other reason for the trial court to consider changing the bargain made by the parties; therefore, we reverse and remand.
GLICKSTEIN, FARMER and KLEIN, JJ., concur.